**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

FILED
MAR 04 2008 NH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Plaintiff(s)**

Kellie R. Watson

**vs**

**Defendant(s)**

Judge:

MAR 04 2008

08CV1308
JUDGE MORAN
MAG. JUDGE DENLOW

**H.U.D.**
**Alphonso Jackson H.U.D.**
**Joseph P. Galvan H.U.D.**
**Beverly E. Bishop H.U.D.**
**Illinois Housing Authority (Provider)**
**City of Chicago (Provider)**
**Chicago Housing Authority (Provider)**
**Shelter Plus Care (Provider)**
**Bankier Apartments (Owners)**

### EMERGENCY MOTION FOR A RESTRAINING ORDER AND INJUCTION.

The Plaintiff has not been properly served with a five day notice and that the issues of monies have not been paid in a timely manner. An order of possession has been granted but stayed until 02/29/2008. This is the fault of the Providers & HUD. The Plaintiff has been granted a housing grant or voucher by Senator Peter Fitzgerald's office in October of 2003. The dwelling unit has not met the housing standards set by HUD.

That Bankier Apartments has not renewed the Plaintiffs lease since December of 2006. Yet payments have been made from the City of Chicago, Shelter Plus Care Program. However, HUD claims grant/voucher does not exist. The Plaintiff is a Crime Victim, under Social Security Disability and Federal Indigent.

Landlords may also raise the defense that the tenant has unclean hands for failure to pay rent or for some other lease violation. However, such defenses have been determined to not preclude the issuance of a temporary injunction. *Brooks v. La Salle National Bank*, 11 Ill.App.3d 791, 798, 298 N.E.2d 262 (1st Dist. 1973). Similarly, a lease provision which allows a landlord to re-enter the premises upon a breach of the lease without complying with the

statutory prerequisites of a forcible entry and detainer action would also be considered invalid. *Brooks v. La Salle National Bank*, 11 Ill.App.3d 791, 298 N.E.2d 262 (1st Dist. 1973).

The Temporary Restraining Order seeks to preserve the status quo which has been defined as the last peaceful act. The last peaceful act has been held to be when the tenant was in possession of the premises. *Brooks v. La Salle National Bank*, 11 Ill.App.3d 791, 798-99, 298 N.E.2d 262 (1st Dist. 1973). The requirement of posting of a bond is a discretionary decision by the trier of fact. *Brooks v. La Salle National Bank*, 11 Ill.App.3d 791, 799, 298 N.E.2d 262 (1st Dist. 1973).

A trespass is an invasion of the exclusive possession and physical condition of land of another, which subtracts from the lawful holder's use of the property. *Colwell System, Inc. v. Henson*, 117 Ill.App.3d 113, 452 N.E.2d 889, 892 (4th Dist. 1983), *Geller v. Brownstone Condominium Ass'n*, 82 Ill.App.3d 331, 402 N.E.2d 807, 809 (1st Dist. 1980). A landlord's refusal to allow a tenant access to the premises is an invasion of the tenant's exclusive possession of the premises which subtracts from her use thereof.

Implied in every lease agreement is a covenant ensuring the tenant the peaceful and quiet enjoyment of the leasehold. A breach of this convenant occurs when the landlord substantially interferes with the tenant's use and enjoyment of the leasehold. *Blue Cross Ass'n v. 666 North Lake Shore Drive Associates*, 100 Ill.App.3d 647, 427 N.E.2d 270 (1st Dist. 1981). When a landlord denies a tenant access to the premises, the landlord is committing a breach of the implied convenant of quiet enjoyment.

It is improper for a landlord to resort to self help remedies in order to evict a tenant. The forcible entry and detainer provisions of the Code of Civil Procedure, **735 ILCS 5/9-101** et seq., provide the sole and complete remedy for determination of who has the better right to possession of real property. *People v. Evans*, 163 Ill. App.3d 561, 516 N.E.2d 817, 819 (1st Dist. 1987).

When a landlord follows through and illegally evicts a tenant, the tenant may have a cause of action in trespass, for breach of the implied covenant of quiet enjoyment and for illegal conversion of property. The tenant can file a Complaint for Injunctive Relief and seek a Temporary Restraining Order (TRO) against the landlord to prevent the continued lockout. A sample demand letter, Complaint, Affidavit, Motion for TRO and Memorandum in Support of Motion have been developed.

The **14th Amendment of the Constitution** assures that no State shall ***"deprive any person of life, liberty, or property, without due process of law."*** Housing Court routinely deprives citizens of their assets without due process. Housing Law enables the court to violate citizen's rights under color of law by using the subjective "best interests of the owner or landlord" as the overriding principle.

The Court has held that the deprivation of fundamental liberty rights 'for even minimal periods of time, unquestionably constitutes irreparable injury.' --Elrod v. Burns, 96 S.Ct. 2673; 427 U.S. 347, (1976).

As pro se litigants plaintiffs need not be "exact." [1] Haines v. Kerner 404 U.S. 519 (1972) However, plaintiffs have been quite specific in alleging that defendants wrongfully intended:

It is improper for a landlord to rely on the criminal justice system to remove a tenant in lawful possession of the premises. *People v. Evans*, 163 Ill. App.3d 561, 516 N.E.2d 817 (1st Dist. 1987) involved an appeal of a conviction for criminal trespass to real property. The defendant, Joyce Evans, moved into a house in response to the owner's advertisement for a roommate. She paid the owner $325 as a security deposit when she move in, but then refused to sign a written lease or move out of the house at the owner's demand. The police were called, and Evans was arrested, charged and convicted of trespass to real property. The Appellate Court reversed the conviction, holding that the criminal laws may not be used by a landlord to settle the issue of who is entitled to possession of real property. The Court stated that "the [owner]...should have sought to evict defendant through a forcible entry and detainer action," and that this provided the "sole" and "complete" remedy for determination of which party had the better right to possession.

*Alicia Lopez*

"OFFICIAL SEAL"
ALICIA LOPEZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 09/22/2010

Respectfully Submitted:

*Kellie R. Watson*
Kellie R. Watson

Kellie R. Watson
P.O. Box 18413
Chicago, Illinois 60618
773-761-8033